OWNBY *v.* SUPREME LODGE K. OF H.

(*Jackson.*     April 16, 1898.)

1. BENEFIT SOCIETIES.   *Certificate for unauthorized beneficiary void.*

A benefit certificate that names as beneficiary a person not authorized by the charter and laws of the society to receive the benefit. is void.   (*Post, p. 20.*)

2. SAME.   *Beneficiary not a dependent, when.*

A benefit certificate in favor of one for whom the member is under no legal or moral obligation to provide, cannot be sustained as being for a person dependent upon the member, although the latter may have bestowed gifts and charities upon such person, and had contemplated and promised to bestow others. (*Post, pp. 18, 19.*)

Cases cited: 144 Ill., 355; 153 Mass., 314; 60 Mich., 44.

3. SAME.   *Surrender and substitution of certificate by incompetent person void.*

The surrender of a benefit certificate, and substitution of a new one naming a different beneficiary, made by a member incapable, by reason of mental infirmity, of exercising judgment and discretion, is void, and does not defeat the rights of the beneficiary named in the first certificate.   (*Post, pp. 19, 20.*)

FROM  OBION.

Appeal from Chancery Court of Obion County. JNO. S. COOPER, Ch.

C. N. LANNOM and MOORE & WELLS for Ownby.

T. C. FRYAR & SON for Lodge.

McAlister, J.   This is a contest over a benefit certificate in the Knights of Honor. In 1879 one E. Offill became a member of a subordinate lodge in said order at Union City, and caused his benefit certificate to be made payable to his wife. In 1888 his wife died, and thereupon Offill surrendered said certificate, and had issued to him a second certificate, payable to his niece, Miss Caroline H. Offill. In August, 1895, Offill surrendered this certificate, and caused a third certificate to be issued, payable at his death to Miss Lena Mai Corum.

The constitution and laws of the Knights of Honor provide that benefit certificates may be made payable to three classes—first, to members of the family, second, to blood relatives, and third, to persons dependent on the beneficiary.

The present bill is filed on behalf of Miss Caroline Offill, to whom the second certificate was made payable, attacking the validity of the third and last certificate issued to Miss Lena Mai Corum, upon two grounds, namely:

(1) That when the second certificate was surrendered and the third certificate issued, the deceased was mentally unsound and incapable of comprehending the nature of the act, and that in his weak and enfeebled condition of mind and body, he was constrained to perform the act by the undue influence exercised over him by the relatives of Miss Lena Mai Corum.

(2) It is charged that the third certificate is void

because issued in contravention of the laws of the order to a beneficiary who was neither a member of his family, a blood relation, nor one dependent upon the assured.

The Chancellor decreed in favor of complainant, adjudging that the third and last certificate was void, and that Miss Caroline Offill, the beneficiary of the second certificate, was entitled to the fund.

As already stated, the constitution and laws of the Knights of Honor provide that the benefit certificate may be made payable to members of his family, blood relatives, or persons dependent on him (the member). The answer filed on behalf of Miss Lena Mai Corum admits that she was not related to the deceased and was not a member of his family, but lived with her parents, Dr. and Mrs. Corum. The contention made on behalf of Miss Corum is that she was a dependent on E. Offill within the meaning of the laws of the Knights of Honor. It is claimed, in support of this theory, that from September, 1893, to June, 1894, Dr. Corum and family, consisting of his wife, son, and Miss Lena Mai, resided in Union City, and while there rented their residence from Offill, and that Offill occupied a room in the house and boarded in the family; that during this residence together, Offill became very much attached to the little girl, Lena Mai, and intimate with other members of the family. In June, 1894, the Corum family moved to Paris, their former home, and later were several times visited by Offill.

During his visit in October, 1894, Offill asked Dr. and. Mrs. Corum to give the child to him, but this was refused. . It is claimed that Offill thereupon promised and agreed to assume the duty of clothing and educating her, and paying all her expenses. But the extent of the fulfillment of this agreement was that Offill paid for music lessons for the child for about three months. He gave her a dress and a pair of shoes, and a little watch. We think, under the facts in this record, the said Lena Mai was in no legal or practical sense a dependent upon Offill. The assistance rendered her was in the nature of voluntary gifts, and not a support springing from any legal duty or moral obligations. One does not become a dependent, in the sense of these benevolent associations, by merely receiving occasional presents from the insured. *Alexander* v. *Parker*, 144 Ill., 355; 2 Am. & Eng. Enc. L. (2d Ed.), 944. The beneficiary must be dependent upon the member in a material degree for support or maintenance or assistance, and the obligation on the part of the member to furnish it, must, it would seem, rest upon some moral or legal or equitable grounds, and not upon the purely voluntary or charitable impulses or disposition of the member. *McCarthy* v. *Supreme Lodge*, 153 Mass., 314; 4 Am. & Eng. Enc. L. (2d Ed.), 944–970.

Bacon on Benefit Societies and Life Insurance, Section 261, says: "The same laws of that State (Missouri) expressly forbid corporations of this sort

from paying benefits to any but the members of family or dependents. The intent of the prohibition is clearly to shut out all persons who are not actual relatives or standing in place of relatives in some permanent way or in some actual dependence on the member." (60 Mich., 44.)

Again, the same author says: " We must logically exclude also those whose dependence upon the member is for favor, which may or may not take a pecuniary form, and which may be cast off at pleasure." (Sec. 261.)

The designation of a beneficiary not of the classes prescribed by the charter and laws of the order is void. Bacon on Benefit Societies, Section 245; 16 Am. & Eng. Enc. L. (Old Ed.), 48.

The proof, moreover, shows that at the time the second certificate was surrendered and a new certifi cate taken out, payable to Lena Mai Corum, the deceased was very much enfeebled in body and mind. He was at that time sixty-nine years of age, a wid ower, and childless. The weight of the evidence is that his mind was impaired to such an extent that he was incapable of transacting any business that required the exercise of judgment and discretion. This fact is established by a large number of witnesses who had known him intimately for years, and who had frequent opportunities for observing his conduct and conversation. Some of the professional witnesses characterized his mental infirmity as dementia from

Ownby *v.* Supreme Lodge K. of H.

age, or what is called in medical science, *senile dementia.*

We think, in view of all these facts, that the integrity of the second certificate in favor of Miss Offill was not in anywise impaired, and that, as the true beneficiary, she is entitled to the fund. Affirm the decree.