GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN · v. McGRATH.

1. BENEFIT SOCIETIES—CHANGE OF BENEFICIARIES—VESTED RIGHTS.
The fact that the beneficiary named in a mutual benefit certificate is in possession thereof, and has paid the assessments and dues thereon, does not entitle her to object to the designation of a new beneficiary by the insured, pursuant to a by-law authorizing him to change his beneficiary at will, particularly where the payments are thereafter kept up by the new beneficiary.

2. SAME—MENTAL COMPETENCY OF INSURED.
   A beneficiary in a mutual benefit certificate has such an inter-
   est therein that she may contest the mental capacity of the
   insured to designate a new beneficiary, in accordance with
   the by-laws of the association.

Appeal from Wayne; Donovan, J. Submitted April
24, 1903. (Docket No. 178.) Decided June 30, 1903.

Bill of interpleader by the Grand Lodge of the Ancient
Order of United Workmen against Anna McGrath, guard-
ian of Lillian Belle McGrath, an infant, Ellen Frank,
Stephen D. Gutchess, and Anna McGrath, to determine
the right to the proceeds of a benefit certificate. From a
decree for defendant Frank, defendant Anna McGrath
appeals. Reversed.

*Henry C. Walters*, for appellant.

*John H. Powell*, for defendant Frank.

MONTGOMERY, J. James R. McGrath died on the 24th
day of February, 1902, and at the time of his death was a
member in good standing of the complainant order. His
life was insured therein for $2,000. The original certifi-
cate was issued to him May 31, 1894, and, in accordance
with his application, Anna McGrath, his wife, was desig-
nated in the certificate as beneficiary. On the 24th day
of October, 1900, he surrendered the certificate in favor of
his wife, and caused his daughter, Lillian Belle, to be
designated as beneficiary. On the 26th day of December,
1900, he revoked that designation, and requested a new
certificate to be issued to his mother, Ellen Frank, which
was done by the complainant order, and a new certificate
delivered to him. All changes were made under a by-law
permitting a member to change his beneficiary at will.

The evidence tended to show that Anna McGrath kept
up the payments on this certificate from the time it was
issued, in 1894, up to the time the surrender was made,
and a certificate taken out in the name of Ellen Frank,

in 1900. From that time on, McGrath himself paid the assessments and dues, or they were advanced by Ellen Frank. There was also testimony tending to show that Ellen Frank herself paid some of the assessments and dues prior to the change in beneficiary, and that she contributed to the support of the deceased after the change was made.

In the course of the trial there was testimony tending to show that at the time of the surrender of the second certificate by James R. McGrath, and the issue of a new certificate by the company, James R. McGrath was mentally incompetent. The circuit judge was of the opinion that no one but the complainant could raise that question, and for this reason he excluded proofs which were offered on behalf of defendant Anna McGrath to show mental incompetency, and, upon the conclusion of the testimony, gave the decree in favor of the defendant Ellen Frank; directing that the money due upon this certificate be paid to her. The defendant Anna McGrath appeals to this court, and contends that she acquired a vested interest in the benefit fund by reason of her payment of the assessments, and in accordance with the agreement made between herself and husband when the certificate was issued; that, while the by-laws of the order authorize a change of beneficiary at the will of the member, they may not be invoked against the contract rights of a third party at the instance of another third party, who had no such rights; and the second contention is that the court was in error in holding that the relation of Anna McGrath to the contract was not such as entitled her to raise the question of the mental capacity of the deceased at the time of the attempted change of beneficiary.

As to the first question, we think no such contract is shown by this record as precluded the insured from changing his beneficiary in pursuance of the by-laws of the order. The bare fact that the certificate was in the possession of Mrs. McGrath, and that she made the payments for a time, is not sufficient to give her the right to protest

against a change of beneficiary.   Nibl. Acc. Ins. & Ben. Soc. § 227; *Fisk* v. *Equitable Aid Union*, (Pa.) 11 Atl. 84; *Appeal of Beatty*, 122 Pa. St. 428 (15 Atl. 861).   Particularly is this true, as, after Mrs. McGrath ceased to make payments, Mrs. Frank, under very similar conditions, kept up the payments on this insurance.

We think, however, that the circuit judge was in error in holding that Mrs. McGrath was not in position to raise the question of mental incompetency at the time of the change in beneficiaries.   This question was discussed in the. case of *Grand Lodge A. O. U. W.* v. *Frank, ante*, 232 (94 N. W. 731).   We there held that the beneficiary named in such a certificate has such an inchoate interest as entitles her to raise the question.

We have had some hesitancy in reaching the conclusion that this case should be reversed, for the reason that, upon the record as it now stands, the evidence of want of mental capacity is very far from convincing; but the circuit judge appears to have excluded the offer, very broadly made, to supplement this proof by evidence which might have been more convincing.   We are therefore unable to say that no prejudice resulted to the appellant, but we think the case is one in which the costs of litigation should be left to abide the result.

The decree is reversed, and the case remanded for further proceedings.

The other Justices concurred.