SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, Plaintiff, v. IDA R. WOOD, Interpleader, Respondent; VIRGINIA BROADWELL et al., Interpleaders, Appellants.

Kansas City Court of Appeals, October 2, 1905, and November 6, 1905.

1. **INTERPLEADER: Pleadings: Interpleas: Denial.** Whether undenied allegations in the interplea in equity shall be taken as confessed where the trial apparently proceeded on the theory that they were in issue, *quaere.*

2. **BENEFIT SOCIETY: Certificate: Change of Beneficiary.** The beneficiary during the life of the certificate-holder has no vested interest or property right to the benefit provided for in the certificate, and the holder may change such beneficiary at any time without the latter's consent.

3. ————: ————: ————: **Non Compos.** The certificate-holder has the initiative in the change of the beneficiary, and where he is *non compos* such change can not be made.

4. **COSTS: Law: Equity: Interpleaders.** In an action at law, the losing party must pay the costs, and in an equity proceeding of interpleader there is no abuse of discretion in the courts following the rule of law.

Appeal from Jackson Circuit Court.—*Hon. Shannon C. Douglass,* Judge.

AFFIRMED.

*Frank Titus* for appellants.

(1) No vested interest in or to any fund accrued to the member in his lifetime; no legal right to the wholly contingent death benefits could arise or vest by any agreement between the member and non-member, aside from the rules of the society and lacking its assent. Richmond v. Lodge, 100 Mo. App. 8; Police Assn. v. Strode, 103 Mo. App. 694; Voelker v. Grand Lodge, 103 Mo. App. 637; Laker v. Frat. Union, 95 Mo. App. 353; Council v. Neidlet, 81 Mo. App. 598; Morton v. Royal Tribe etc., 93 Mo. App. 92; Council v. Kacer, 96 Mo. App. 93; Benevolent Assn. v. Bunch, 109 Mo. 560; Wells v. Covenant Mut. Co., 126 Mo. 630; Cade v. Head Camp, 27 Wash. 218; Hoeft v. Lodge, 113 Cal. 91; Schoneu v. Lodge, 85 Minn. 349; Brown v. Lodge, 80 Iowa 287; Hirschel v. Clark, 81 Iowa 200; Union v. Hunter, 99 Ill. App. 146; Knights v. Franke, 137 Ill. 118; Doherty v. A. O. H. Fund, 176 Mass. 285; Byrne v. Casey, 70 Tex. 247; Mulderick v. Lodge, 155 Pa. St. 505; Wrother v. Stacy (Ky. 1904), 82 S. W. 420; Story v. Williamsburgh Assn., 95 N. Y. 474; Fanning v. Council, 84 App.

Div. Rep. (N. Y.) 205; (affirmed by Court of Appeals 1904), 71 N. E. 1130; Warner v. Modern Woodmen (Neb. 1903), 93 N. W. 397. (2) The judgment below, in failing to award the fund to appellants, its rightful owners and beneficiaries, is clearly illegal, as the proceedings disclose. Duke v. Duke, 93 Mo. App. 244; R. S. 1899, sec. 612; Phillips v. Evans, 38 Mo. 305. (3) Payment of the dues of a member of a fraternal society by non-members, confers no right at law or equity upon such volunteer. The law is so held in every reported case where such a claim has been made. Masonic Association v. Bunch, 109 Mo. 560, 579; Hoeft v. Lodge, 113 Cal. 91; Cade v. Head Camp, 27 Wash. 218. (4) The plaintiff association having construed its rules and certificate, that construction should be adopted if not violative of law. Morton v. Council, 100 Mo. App, 76, 87; Sedalia Co. v. Sedalia Co., 34 Mo. App. 49, 56; Depot Co. v. Railroad, 131 Mo. 291, 305; Order of Ry. Conductors v. Koster, 55 Mo. App. 186, 193; Hoeft v. Grand Lodge, 113 Cal. 96. (5) This court will reverse the judgment below if error appears in the record, and direct the court below to render judgment awarding the fund to appellants. Bank v. McMullen, 85 Mo. App. 142, 146; State to use v. Bacon, 24 Mo. App. 403; Staley Co. v. Walker, 21 Mo. App. 130; Jones v. Fuller, 38 Mo. 363, 366; State to use v. Matson, 38 Mo. 489; Sweet v. Maupin, 65 Mo. 65, 71; Clinton v. Williams, 53 Mo. 141; Weil v. Green County, 69 Mo. 281, 286; Note by Mr. Whittlesey to Richardson v. George, 34 Mo. 104.

*Peak & Strother* for respondent.

(1) The case was tried as if all the allegations of the interpleas of both respondent and appellants were denied and put in issue. Such being the case, appellants cannot, after the trial, seek to take advantage of the fact that no answer or reply to their interplea was filed by respondent even

if such answer or reply were necessary, which we deny. Howe v. Ins. Co., 75 Mo. App. 67; Bowring v. Railway, 77 Mo. App. 253; Bircher v. Ornament Co., 77 Mo. App. 519; Benne v. Miller, 149 Mo. 232; Crossland v. Admire, 149 Mo. 656. (2) There was no error in the trial court's rendering judgment for respondent for her costs, and there was no error in overruling the motion of appellants to set aside that judgment, filed forty-two days after the judgment was rendered. R. S. 1899, sec. 1547, 1559; Woodmen of the World v. Wood, 100 Mo. App. 655, 660; Anderson v. Perkins, 52 Mo. App. 527. (3) The evidence not having been preserved in the bill of exceptions, and hence not being before this court, the judgment of the trial court will not be reviewed except as to matters arising upon the record proper. Rule 14 of this court; State ex rel v. Jarrott, 81 S. W. 876; State ex rel v. Gibson, 83 S. W. 472. (4) In the present state of the record, the allegations of the respondent's interplea must be taken as having been fully established by the evidence; and those allegations entitled respondent to the fund in court. Railway v. Wolfe, 203 Pa. St. 269, 52 Atl. 247; Royal Arcanum v. Tracy, 169 Ill. 123, 48 N. E. 401; McGrew v. McGrew, 190 Ill. 604, 60 N. E. 861; Leaf v. Leaf, 92 Ky. 166, 17 S. W. 854; Adams v. Lodge, 105 Calif. 328, 38 Pac. 914; Jory v. Council, 105 Calif. 20, 38 Pac. 524; Grimbley v. Harrold, 125 Calif. 24, 57 Pac. 558; Maynard v. Vanderwerker, 30 Abb. N. C. 134, 24 N. Y. Supp. 932; Smith v. Benefit Society, 123 N. Y. 85, 25 N. E. 197; Benard v. Lodge, 13 S. Dak. 132, 82 N. W. 404; Woodmen of the World v. Wood, 100 Mo. App. 655; Wells v. Benefit Association, 126 Mo. 630.

JOHNSON, J.—Plaintiff, a fraternal benevolent association, filed a petition in equity to require rival claimants to interplead for the proceeds of a death benefit certificate issued to Harry B. Wood, a member. The defendant Wood was the wife, and the other two defend-

ants the sisters of the deceased member. One of the sisters demurred to the petition on the ground that the facts pleaded therein did not entitle plaintiff to the relief sought. The demurrer was overruled and answers were filed by the several defendants. That of defendant Wood contained a statement of facts upon which she relied to support her claim to the fund. Those of defendants Broadwell and Stewart, in addition to pleading the facts in support of their claim, attacked the jurisdiction of the court over the cause of action pleaded, and the right of plaintiff to any equitable relief. Upon the issues thus framed, the court upon a hearing rendered judgment for plaintiff, and ordered the defendants to file their respective interpleas. From this judgment defendants Broadwell and Stewart appealed to this court. We affirmed the judgment. [Woodmen of the World v. Wood, 100 Mo. App. 655.]

On account of the condition of the record now before us we find it necessary to state in substance some of the facts alleged in the petition.

In 1897 Wood, upon his written application, was received as a member of the order and a death benefit certificate was issued to him in the sum of $2,000, which recited that it was issued subject to the constitution, laws, by-laws and rules of the association. The defendant wife was named as beneficiary. Wood remained in good standing as a member to his death, which occurred on the 2nd of December, 1901. On November 5, 1901, he made application to plaintiff for a duplicate certificate, stating therein that the original was in possession of his wife, who refused to surrender it, and requested that the defendants Broadwell and Stewart be substituted as beneficiaries. The application was in form and substance in compliance with the following provision of the constitution:

"Should a member desire to change his beneficiary or beneficiaries, he may do so upon the payment to the sovereign camp of a fee of one dollar, which sum, to-

gether with his certificate, he shall forward to the sovereign clerk with his request written on the back of his certificate, giving the name or names of such new beneficiary or beneficiaries and upon receipt thereof the sovereign clerk shall attach a slip to the face of the certificate, on which he shall write the name or names of the new beneficiary or beneficiaries and return the same to the member, and shall make a record of such change in the proper books in his office.

"In the event the beneficiary certificate is lost, or the possession thereof for any reason withheld from the member desiring such change of beneficiary, before the change shall be made, the member shall furnish the sovereign clerk satisfactory proof under oath of the loss of the certificate, or proof under oath of the facts and circumstances of the withholding of such certificate from his possession, as the case may be, and waiving for himself and beneficiary or beneficiaries all rights thereunder, whereupon the sovereign clerk, if such proof is satisfactory to him, shall issue to said member a new certificate in lieu of the old one with the desired change of beneficiary, and shall at once mail to the last known postoffice address of the former beneficiary or beneficiaries notice of such change." Plaintiff, pursuant to the application, issued and delivered, a duplicate certificate. After the death of the member his widow and sisters both claimed the benefit, the former under the original certificate (which she held in possession), and the latter under duplicate. All of these facts were practically conceded in the several answers filed.

The defendant Wood asserted her claim to the money upon two grounds: first, that at the time the original certificate was issued she entered into an agreement with her husband whereby she was to have a vested interest in the certificate in consideration of her agreement to aid in the payment of dues, which agreement she states was fully performed by her; second, that the application for the duplicate certificate was made at a

time when her husband was mentally incapacitated from making any contract, and was procured by undue influence exerted by defendant's sisters upon the mind of her husband.

In obedience to the order of the court mentioned, the several defendants filed interpleas. That of the defendant Wood was in substance identical with her answer. The defendants Broadwell and Stewart filed an answer to their co-defendant's interplea specifically denying the allegations made therein. Their interplea, after repeating the specific denials contained in their answer, alleged that their brother was indebted to them, as administrator of their father's estate, in an amount equaling the face of the certificate, and also, that from the first day of October, 1901, they paid the dues and assessments levied against their brother on account of his membership in the association. This new matter was not put in issue by any pleading filed by the defendant Wood, but from the face of the record it appears that the case was tried upon the theory that all material facts alleged by either party were in issue. Upon the issues thus made up the trial was had, resulting in a judgment in favor of the defendant Wood. After unsuccessfully moving for a rehearing, defendants Broadwell and Stewart appealed.

The evidence introduced at the trial is not contained in the record before us, and it appears that it was not preserved in the bill of exceptions filed by the appealing defendants. The case is therefore before us upon the record proper. This requires us first to ascertain the facts properly before us for consideration before attempting to pronounce the law applicable.

The effect of the first judgment, which we affirmed was to adjudicate all of the facts necessarily in issue in that stage of the proceedings. Consequently, when the controversy between the interpleaders came up for determination, the facts were settled that respondent was in possession of a death-benefit certificate issued, by a

fraternal association, to her husband for her benefit, and that appellants were in possession of a duplicate certificate issued in lieu of the original in the manner provided by the laws of the association. This narrowed the issues of fact to those included in respondent's claims founded upon vested right under contract with her husband, and his mental incapacity.

In passing we will say that we do not consider the facts appearing in the allegations of new matter, contained in appellant's interplea, at all material, and for that reason do not feel called upon to decide whether or not, in this kind of a case, respondent's failure to controvert them in an appropriate pleading requires their acceptance as admitted facts. If the respondents' claim is upheld on either ground it must result in the conclusion that the duplicate certificate, under which appellants claim, was invalid and without any effect upon the original. Therefore, it is of no consequence that Wood was indebted to his sisters or that they contributed to the payment of his dues.

Assuming, as we must, that every issue of fact was rightly found by the court in favor of respondents under the evidence, the sole question for our solution is, does any of the facts stated in her interplea give her the right in law to the fund? Without passing upon the effect of her contract with the insured, we are of the opinion that the fact alone of her husband's mental incapacity, of which advantage was taken by his sisters, sustains respondent's claim.

We freely concede that the designated beneficiary in a certificate of this character acquires, during the life of the member, no vested interest in, nor property right to the benefit therein provided, and that the member may at any time change the name of the beneficiary without the latter's consent. As stated in the case of Masonic Benevolent Association v. Bunch, 109 Mo. l. c. 580: "This right of change has generally been held analogous to a testamentary disposition of the benefit. It, like a

will, is revocable at any time during the life of the testator."

But the controlling question here has no concern with respondent's inability to stay, by vested right, her substitution as beneficiary at her husband's request. There was in law no change made. It could not be made without his initiative, and he could not act because of his infirmity. The original certificate expressed the only contract made with plaintiff by the insured, and as respondent is its beneficiary the proceeds thereof rightfully belong to her.

The propriety of the action of the trial court in assessing the costs incurred by respondent against the appellant is questioned. In equity cases the taxation of costs is within the sound discretion of the court. Had these rival claimants settled their controversy in an action at law brought by either one against the other, the losing party would have been compelled to pay the costs. This proceeding resulted from the assertion of conflicting claims, and that of the appellants was found to be without merit. There is no abuse of discretion in following the rule at law in the assessment of costs.

The judgment is affirmed. All concur.