CHICAGO—FIRST DISTRICT—MARCH, 1913.    377

Goyt v. The National Council, K. & L. of Security, 178 Ill. App. 377.

Andrew Goyt, Defendant in Error, v. The National
Council, Knights and Ladies of Security, Plain-
tiff in Error.

Gen. No. 18,269.

1. FRATERNAL BENEFIT SOCIETIES—*change of beneficiary by in-
sane person.* Where a member of a benefit society attempts to
change beneficiaries after she has been adjudged insane by the
county court, there is not a new contract and R. S. ch. 86, § 14,
does not apply.

2. INSURANCE—*interest of beneficiary.* A beneficiary in a benefit
certificate has such an interest as entitles him to raise the ques-
tion as to the mental incapacity of the assured at the time of an
attempted change in beneficiaries.

3. INSURANCE—*attempt to change beneficiaries.* Where an attempt
to change beneficiaries fails because of mental incapacity of the
assured, the original designation remains in force.

4. INSURANCE—*inchoate interest of beneficiary.* The inchoate
interest of a beneficiary in a benefit certificate, upon the death of
assured, becomes a contract right on which there may be a re-
covery.

5. INSURANCE—*society not estopped to deny sanity of member.*
In an action by a beneficiary on a benefit certificate, the society is
not estopped to deny the sanity of the assured at the time a change
was made in beneficiaries.

6. EVIDENCE—*burden of proof as to sanity.* In an action by a
beneficiary on a benefit certificate, where the defendant society has
made a *prima facie* case that assured was insane at the time she
changed beneficiaries, the plaintiff who claims the change was made
during a lucid interval has the burden of proof.

Error to the Municipal Court of Chicago; the Hon. J. J. ROONEY,
Judge, presiding. Heard in the Branch Appellate Court at the
March term, 1912. Reversed and remanded. Opinion filed March
25, 1913.

A. W. FULTON, for plaintiff in error.

CHARLES R. NAPIER and CHARLES S. MCILVAINE, for
defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion
of the court.

The claim of defendant in error (plaintiff), as

378    APPELLATE COURTS OF ILLINOIS.

Goyt v. The National Council, K. & L. of Security, 178 Ill. App. 377.

shown by the statement filed, is based upon a certificate issued by plaintiff in error (defendant), dated December 19, 1900, and issued to Hattie Goyt, in which her husband, Andrew Goyt, was made the sole beneficiary. The defendant agreed to pay to Andrew Goyt the sum of $1,000 on the death of Hattie Goyt, provided the by-laws of the Order and other conditions of the contract were fulfilled, and subject to a provision that upon the death of a member the defendant should retain $50 of the amount of the certificate, less one dollar per thousand for each year the certificate should remain in force, for the purpose of creating and maintaining a reserve fund.

The affidavit of defense sets out as a defense to a part of the plaintiff's demand, that the original benefit certificate issued to Hattie Goyt on January 22, 1901, made as beneficiaries her husband, Andrew Goyt, to the extent of $700, and her mother, Elizabeth Spring, to the extent of $300, less the amount to be retained by the Society for the reserve fund; that on August 27, 1908, the said Hattie Goyt had directed the defendant Society to issue a new benefit certificate to her, making Andrew Goyt, her husband, the sole beneficiary; that the said Hattie Goyt, at the time the alleged change was made, was insane, and that she was induced to cause a change to be made in the certificate by the undue influence and persuasions of certain persons unknown to the defendant. The defendant admitted indebtedness of $672 to the plaintiff, but alleged that the balance of the policy was due to Elizabeth Spring, and set forth the fact that Elizabeth Spring had served notice and made a demand on the defendant for such sum of $288.

Upon the trial of the case before the court and a jury the second certificate was offered in evidence by the plaintiff, and was found to bear upon it an acknowledgment by the plaintiff of the receipt from the defendant of $672, in which receipt it was certified that the benefit certificate was canceled and surrendered

to the extent of $672 and that the balance due was in litigation. It further set forth that "the above payment is made and received without prejudice to the rights of any interested party." The court then permitted in evidence the application for the original benefit certificate and also the benefit certificate itself, in which the beneficiaries were named as set forth in the affidavit of defense, namely, Andrew Goyt to the extent of $700 and Elizabeth Spring to the extent of $300, the two respectively bearing relation to Mrs. Goyt of husband and mother.

From proofs of death introduced in evidence it would appear that Mrs. Goyt was an inmate of the Hospital for the Insane at Dunning, Illinois, for one and one-half years prior to her death; that the cause of her death was "General Paralysis of the Insane, Progressive for past 18 mos." These proofs correspond with the certificate issued by Dr. Rea, of Dunning, which was also introduced in evidence, excepting that in the latter it was stated that the contributory or secondary cause of death was "lobar pneumonia," which had existed for two days. The verdict of the jury of the County Court of Cook county finding Mrs. Goyt insane, and rendered April 21, 1908, also appears in evidence.

At the close of all the testimony, at the request of the plaintiff, the court charged the jury to find a verdict in favor of the plaintiff for the sum of $288. To reverse a judgment entered upon such verdict this writ of error has been prosecuted.

The argument of counsel for the plaintiff and the theory on which the instruction evidently was given, is that by the issuing of the second certificate a new contract between the parties was made, and that so being a new contract the provisions of section 14, chapter 86 of the revised statutes apply, namely, that every contract by an idiot, lunatic, distracted person or spendthrift, made after the finding of the jury, as provided by section 1 of the act, shall be void as against the idiot, lunatic, distracted person, drunkard or spend-

380     APPELLATE COURTS OF ILLINOIS.

Goyt v. The National Council, K. & L. of Security, 178 Ill. App. 377.

thrift, and his estate; but that the other party to the contract is bound thereby. We cannot concur in the assumption that the second certificate was a new contract and that the old contract created by the application and the first certificate was abrogated. If suit were brought by the mother as one of the beneficiaries under the first certificate, we do not think that the defendant could plead in defense that it had entered into a new contract with its member, Mrs. Goyt, if the mother showed that at the time the application for a change of beneficiaries was made by Mrs. Goyt the latter was insane. Under the terms of the original contract the right was retained in Mrs. Goyt, as a member of the defendant Society, to change her beneficiaries, restricted to the extent that the new beneficiary must belong to a class designated as eligible under the by-laws of the Society. It has many times been held that where an attempt is made to change a beneficiary, and fails because of the want of mental capacity on the part of the assured, the original designation remains in force. Elsey v. Odd Fellows' Mut. Relief Ass'n, 142 Mass. 224; Smith v. Railroad Association, 168 Mass. 213; Ownby v. Supreme Lodge Knights of Honor, 101 Tenn. 16. It also has been held, and we think it the rule, that a beneficiary named in a certificate has such an interest as entitles him to raise the question as to the mental incapacity of the member at the time of the attempted change in beneficiaries. Grand Lodge A. O. U. W. v. McGrath, 133 Mich. 626. It would therefore seem to follow that if suit were brought by Mrs. Spring, the mother, and it appeared that Mrs. Goyt, the member, was insane at the time of the attempted change in beneficiaries, she could recover by reason of the interest she had in the original certificate. This interest, while inchoate at the time the certificate was issued, ripened into a contract right upon which recovery could be had upon the death of Mrs. Goyt, the member.

It is insisted by the plaintiff that the defendant is

estopped now from making the defense that Mrs. Goyt was insane at the time of the attempted change in beneficiaries. It would be inequitable that it should be held liable in the present suit and also in one brought by the mother. It is urged that it might protect itself by a bill of interpleader, but it appears that there is no jurisdiction in which both defendants may be made parties to a bill of interpleader. Our attention has not been called to any decisions in which it has been held that the question as to the insanity of the member could not be raised by the Society. On the other hand in many cases the right so to raise the question has been assumed.

It is said in the brief of the plaintiff that the change in beneficiaries may have been requested by Mrs. Goyt during a lucid interval. We think that the evidence introduced by the defendant, heretofore referred to, made at least a *prima facie* case that at the time the change was made she was not sane, and that the burden was thus shifted to the plaintiff to show that the change was made during a lucid interval. No testimony with respect to this matter was offered by the plaintiff.

From what has been said it follows that the trial court erred in directing a verdict for the plaintiff, and the judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*