No. 20,939.

ELIZABETH SLUDER, *Appellee,* v. THE NATIONAL AMERICANS, *Appellant.*

#### SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE—*Right of Insured to Change Beneficiary.* A member of a fraternal beneficiary association may ordinarily change the beneficiary or the terms of his contract regardless of the wishes or the consent of his beneficiary, but if a change is attempted when the member does not have mental capacity to transact business or make contracts the original certificate and contract will remain in force.

2. SAME—*Beneficiary May Raise the Question of Mental Capacity of Insured to Change Beneficiary.* Upon the death of a member the inchoate right of a beneficiary ripens into a contract right and he may then raise the question that the member was mentally incompetent when he attempted to change or surrender the contract of insurance, and if that fact is established the beneficiary is entitled to recover the benefit the same as if no attempt had been made to change the original contract.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed July 7, 1917. Affirmed.

*W. G. Fairchild, H. S. Lewis,* both of Hutchinson, and *Solon T. Gilmore,* of Kansas City, Mo., for the appellant.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Elizabeth Sluder against the National Americans, a fraternal beneficiary association, to recover installments due her as beneficiary under

a certificate issued to her sister, Alvena Craig. Plaintiff re-
covered judgment upon the verdict of a jury and the defend-
ant appeals.

The certificate provided that upon the death of Alvena Craig
the beneficiary should receive an annuity of $200 for a period
of ten years, payable quarterly beginning on the first month
after the order was informed of the death of the insured.
Shortly before her death Alvena Craig, who was then in the
last stages of tuberculosis, wrote to the defendant asking that
some arrangement be made whereby she might receive some
benefit under the certificate if she would surrender it to the
defendant. Accordingly a representative of the defendant called
upon her and a contract was drawn up and signed by her
which provided that in consideration of monthly payments of
twenty dollars to be continued not to exceed twenty-four months
she should surrender her certificate to the defendant and re-
lease it from all further liability; and it was further agreed
that if her death should occur prior to the expiration of twenty-
four months all liability of the defendant should cease at that
time. The certificate was accordingly surrendered and one
twenty-dollar payment was made under the contract and she
died a month later. No further payments were made by the
defendant under the certificate and when plaintiff notified de-
fendant of the death of Alvena Craig it denied any liability to
plaintiff. The only reason assigned for not recognizing its
liability upon the certificate was the execution of the new con-
tract and the payment made under it. In plaintiff's petition
it was alleged that the contract was void because Alvena Craig
was mentally incapable of understanding its terms at the time
it was executed. There was also an allegation of fraud prac-
ticed by the defendant's representative upon the deceased, but
this issue was eliminated by the trial court in its instructions
to the jury. Testimony was offered to the effect that the de-
ceased was given morphine at certain intervals during the day
for a considerable time before she died which produced hal-
lucinations and temporary mental derangement and that her
mind was also affected by her disease and general condition.
Defendant introduced no evidence. The findings of the jury
were to the effect that deceased had hallucinations on the day

21—101 Kan.

the contract was made; that her mental condition was such as to render her incapable of understanding the contract; and that the condition was caused partly by the morphine. In accordance with the prayer of plaintiff's petition the certificate was adjudged to be in full force and effect and judgment was rendered in her favor for the amount then due under it.

It is insisted that the plaintiff had no such interest in the insurance as to warrant her in challenging the validity of the change in the contract, or the surrender of the original certificate. The general rule is that the insured has complete control of his contract and may cancel it entirely regardless of the wishes or the consent of the beneficiary. If a change was actually effected and a new contract made the plaintiff lost all right she had in the certificate. However, if the insured did not have the mental capacity to transact business or make a new contract the original one remained in force, and it constituted the only contract existing between the parties. If the insured died without making an effectual change of contract the rights of the plaintiff accrued and she became entitled to the benefits specified in the certificate the same as if no attempt had been made to change or cancel the original contract. Until the insured died the plaintiff had only an inchoate interest in the benefit certificate, but if she died without making an effectual change of the contract her inchoate interest became a contract right, and she became entitled to assert her rights under the certificate and to challenge the validity of any steps or action previously taken in opposition to her rights.

In *Grand Lodge A. O. U. W. v. Frank,* 133 Mich. 232, a change of beneficiary was attempted by the insured when he was mentally incompetent, and in the litigation which arose over the insurance after his death the right of the original beneficiary to raise the question of mental capacity of the insured was challenged. It was held that while the beneficiary had no vested interest at the time of the alleged transfer, he had a right after the death of the insured to raise the question the same as an heir at law has a right to intervene after the death of his ancestor to set aside a grant made by the ancestor while he was mentally incompetent.

The same question was raised in *Woodmen of the World v. Broadwell*, 114 Mo. App. 471, and it was held that the insured, being mentally incompetent, could not change the beneficiary as against the one designated in the original certificate. The controlling question, it was held, was not whether the beneficiary had a vested interest in the benefit during the life of the insured, but whether in law a change had been effected, the court said:

"It could not be made without his initiative, and he could not act because of his infirmity. The original certificate expressed the only contract made with plaintiff by the insured, and as respondent is its beneficiary, the proceeds thereof rightfully belong to her." (p. 479.)

(See, also, *Goyt v. The National Council, K. & L. of Security*, 178 Ill. App. 377; *Grand Lodge A. O. U. W. v. McGrath*, 133 Mich. 626; *Wherry v. Latimer*, 103 Miss. 524; *Ownby v. Supreme Lodge K. of H.*, 101 Tenn. 16; 29 Cyc. 124.)

It is said that not all contracts made by insane persons can be annulled. There are rulings to the effect that if a contract is made fairly, and in good faith with one who is insane but apparently of sound mind before there is a finding of lunacy, the court will not set the contract aside on proof of mere incapacity, without protecting the equitable rights of the other party. It has been ruled that it would be inequitable to allow an insane person who had sold property to recover the property and retain the price. His infirmity can not be made an instrument of fraud, and so it has been held that the consideration received by an insane person or his representative should be returned or tendered before a rescission of the contract is made. (*Gribben, Guardian, v. Maxwell*, 34 Kan. 8, 7 Pac. 584; *Leavitt, Guardian, v. Files*, 38 Kan. 26, 15 Pac. 891; *Myers v. Knabe*, 51 Kan. 720, 33 Pac. 602.) However, this consideration was not overlooked at the trial of the present case, as the amount received by the insured under the new arrangement was credited upon the award made to the plaintiff.

The charge of fraud made against the representative of the defendant was not sustained, but there was proof sufficient to uphold the finding of the incapacity of the insured. We find nothing substantial in the objections to the instructions, nor do we find any grounds for setting aside the findings or verdict.

Judgment affirmed.