## McMURTRAY v. McMURTRAY et al.

No. 8709—Opinion Filed Oct. 9, 1917.

Rehearing Denied Nov. 6, 1917.

(168 Pac. 422.)

(Syllabus.)

1. **Insurance—Life Insurance — Change of Beneficiary—Validity.**

The change of beneficiary in a policy of life insurance, which reserves to the insured the right to do so, made by the insured at a time when he was entirely without understanding, is void, and the right to the proceeds of the policy vests at the death of the insured in the original beneficiary.

2. **Same ⸺ Substituted Beneficiary — Capacity of Insured.**

After the death of the insured, the beneficiary first named may contest the claims of the substituted beneficiary to the proceeds of the policy upon the ground of such want of mental capacity of the insured to make the change in the original contract.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by Loudie McMurtray against the Northwestern Mutual Life Insurance Company, in which the defendant interpleaded Laurena McMurtray as claimant. Claimant's demurrer to petition overruled, and judgment for plaintiff, and claimant Laurena McMurtray brings error. R. A. and Mary Lou McMurtray, executors of Loudie McMurtray, were substituted as defendants in error. Affirmed.

I. L. Strange, for plaintiff in error.

C. H. Thomason and Blanton & Andrews, for defendants in error.

MILEY, J. This action was commenced by Loudie McMurtray against the Northwestern Mutual Life Insurance Company to recover on a policy of insurance issued by that company on the life of Horace C. McMurtray, deceased, and in which the plaintiff, his mother, was named as beneficiary. It was alleged in the petition that the said Horace C. McMurtray had, after the issuance of the policy, attempted to designate his wife, Laurena McMurtray, as beneficiary instead of the plaintiff, but that at the time of the said attempted change and at all times subsequent thereto, up to the death of the insured, he was "of unsound mind and was so destitute of reason as not to know and understand the consequences of his acts in executing" the same. The insurance company for answer set up that it was ready and willing to pay the amount due upon the policy to the person entitled thereto, and that the said Laurena McMurtray was claiming the same by virtue of the change in the designation of the beneficiary. The company paid the amount of the insurance into court, and asked that the said Laurena McMurtray be required to appear and maintain or relinquish her claim thereto. The order was made, the company passed out of the case, and the said Laurena McMurtray appearing, demurred to the petition of the plaintiff. The demurrer was overruled, and the said Laurena McMurtray declining to plead further, judgment was rendered in favor of the plaintiff below for the proceeds of the policy so deposited, and Laurena McMurtray brings the case here.

Under the allegations of the petition, which were admitted by the demurrer, the

insured was, at the time of the attempted change in the designation of the beneficiary, "a person entirely without understanding," Norris v. Dagley, 64 Okla. 171, 166 Pac. 718. Such person "has no power to make a contract of any kind." Section 888, Rev. Laws 1910. The contention of the plaintiff in error is that the plaintiff below had not a vested interest in the policy at the time of the attempted change of beneficiary, and therefore could not, even after the death of the insured, raise the question of the invalidity of the change of beneficiaries because of the want of mental capacity of the insured. With this contention we do not agree. The policy reserved the right to the insured to change the beneficiary. It is true that the designated beneficiary in a policy of this character acquires during the life of the insured no vested interest therein, nor property right to the proceeds thereof, and could not by vested right stay the substitution of another as beneficiary at the request of the insured. But that is beside the question. The point is that no change of beneficiary could be made without the consent of the insured. In law he was incapable of giving consent. The only valid contract ever existing between the insured and the insurer was that in which the insurer agreed to pay the amount to the plaintiff below upon the death of the insured. When he died without having effected a valid change of beneficiary, her right to the proceeds became vested. In the enforcement of her right, then vested, she could attack the attempted change or modification of the contract by showing there had been no valid change for want of mental capacity. All the authorities upon the question, to which our attention has been called, support this view. Grand Lodge A. O. U. W. v. Frank, 133 Mich. 232, 94 N. W. 731; Grand Lodge A. O. U. W. v. McGrath, 133 Mich. 627, 95 N. W. 739; Cason v. Owens, 100 Ga. 142, 28 S. E. 75; Supreme Council Catholic Benev. Legion v. Murphy, 65 N. J. Eq. 60, 55 Atl. 497; Ownby v. Supreme Lodge K. of H., 101 Tenn. 16, 46 S. W. 758; Sovereign Camp W. O. W. v. Broadwell, 114 Mo. App. 471, 89 S. W. 891.

The judgment is affirmed.

All the Justices concur.