No. 35,486

THE STATE BANK OF DOWNS, *Appellee,* v. W. J. CRISWELL and CLARA CRISWELL, His Wife, NELSON SWINTON, RILEY SWINTON, RILEY SWINTON, Administrator of the Estate of William Swinton, Deceased, and OLIVE CRISWELL, *Appellants.*

(124 P. 2d 500)

Opinion filed April 11, 1942.

*R. L. Hamilton,* of Beloit, argued the cause, and *Leon W. Lundblade,* of Beloit, was on the briefs for appellants.

*N. C. Else,* of Osborne, argued the cause, and *Ralph H. Noah,* of Beloit, was on the briefs for appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to foreclose a real-estate mortgage. Judgment was for plaintiff, and certain defendants appeal.

On June 1, 1937, W. J. Criswell, his wife Clara Criswell, and

William Swinton, grandfather of W. J. Criswell, executed and delivered to plaintiff, the State Bank of Downs, their promissory note in the sum of $2,500, together with a real-estate mortgage on a quarter section of land in Mitchell county to secure the note. The note was signed by all three parties. The land was owned by William Swinton, and he alone signed the mortgage. W. J. Criswell had borrowed money from the plaintiff bank since 1930. On those loans the bank had always required and obtained the signature of his grandfather as additional security. The notes were renewed from time to time. The instant note represented another renewal but also included an additional loan in the sum of $600. That amount was used by the grandfather in order to take up and cancel an old note and mortgage of his own which he had executed and delivered to the First Loan & Trust Company of Beloit. That mortgage was paid off in order to clear the title on the land before the instant mortgage thereon was accepted by the plaintiff bank.

William Swinton died in December, 1939, when about 80 years of age. Riley Swinton, one of his sons, was appointed administrator of his estate. The administrator, W. J. Criswell, and his wife and all heirs at law of William Swinton, deceased, were made parties defendant in the foreclosure action. W. J. Criswell and his wife, two signers of the note, and all other parties defendant except Riley Swinton, an individual, and Riley Swinton, administrator, defaulted. The two last-named persons filed a joint answer, and plaintiff filed its reply thereto. A personal judgment was rendered against W. J. Criswell and his wife at the beginning of the foreclosure action for the amount of the note and interest. It appears the time within which to file a demand against decedent's estate in the probate court had expired, and no personal judgment was rendered against the administrator for the amount due on the mortgage note. The court found the mortgage was given to secure the note. The mortgage was decreed to be a first, prior and paramount lien on the land. A decree of foreclosure was rendered and the land was ordered sold to satisfy the lien. Nelson Swinton, and Riley Swinton, heirs, and Riley Swinton, administrator, have appealed.

The first complaint is that a request for a trial by jury was denied. The record discloses the trial court examined the pleadings before ruling on that request. Appellants do not seriously contend that the answer, in the manner verified, put in issue the execution of the note and mortgage, as required by G. S. 1935, 60-729, and indeed it

did not. The execution of the note and mortgage was admitted by the pleadings. Their execution was also conceded by defendants' evidence and we need give that subject no further consideration.

The only question which, thereafter, remained for adjudication was whether the mortgage should be foreclosed. That presented purely an equitable issue which the court was authorized to try without a jury. (G. S. 1935, 60-2903; *Morgan v. Field*, 35 Kan. 162, 10 Pac. 448; *Union State Bank v. Chapman*, 124 Kan. 315, 317, 259 Pac. 681; *Larrick v. Jacobson*, 139 Kan. 522, 529, 32 P. 2d 204; *Fidelity Nat. Bank & T. Co. v. Cloninger*, 142 Kan. 558, 559, 51 P. 2d 35.) The constitutional guaranty of the right of a trial by jury does not apply to suits in equity. (19 Am. Jur., Equity, § 398.) There is no doubt that a court of chancery, by reason of its nature and constitution, has ample power to decide every question of law or fact that comes before it in any suit over which it has jurisdiction. (19 Am. Jur., Equity, § 398.) True, it has the power, if it desires, to order any issue, or issues, to be tried by a jury, but the findings of the jury would be only advisory in character and not conclusive or binding upon the court. In the final analysis the court must assume the duty and responsibility of determining for itself every issue of fact in an equity case. (*Cooper v. Cooper*, 147 Kan. 256, 258, 76 P. 2d 867.)

Appellants maintain the court erred in sustaining appellee's demurrer to their evidence. They argue that they pleaded and proved William Swinton was mentally incompetent to understand the nature of his acts involved in the execution of the note and mortgage. There was no evidence he had been declared insane or incompetent to transact his own business affairs in any particular. Indeed, it appears he transacted all of his own business affairs, including important affairs with some of appellants' own witnesses subsequent to the date of the execution of the note and mortgage in question. It is true there was evidence which established, or tended to establish, appellants' contention with respect to age and growing infirmity. There was also evidence adduced by both appellee and appellants which proved, or tended to prove, he did understand the nature and significance of his acts at that particular time and also prior and subsequent thereto. The record simply presented another issue of fact which a court of chancery, having assumed jurisdiction, possessed power to decide. It was not the kind of fact which entitled appellants to a trial by jury as a matter of right. In civil actions,

under our code, a jury can be demanded as a matter of right only in actions for the recovery of money or of specific real or personal property. (G. S. 1935, 60-2903; *Fisher v. Rakestraw et al.*, 117 Kan. 441, 445, 232 Pac. 605, and cases therein cited.) See, also, *Union State Bank v. Chapman, Larrick v. Jacobson, Fidelity Nat. Bank & T. Co. v. Cloninger*, all *supra*, and *Andregg v. Sparrow*, 152 Kan. 744, 748, 107 P. 2d 739; 37 Am. Jur., Mortgages, § 568, and 2 Wiltsie on Mortgage Foreclosure, 5th ed., § 636.

Assuming, however, the evidence, as contended by appellants, established the incapacity of William Swinton to fully understand the nature and character of his acts in executing the note and mortgage, the demurrer to appellant's evidence was nevertheless properly sustained for a number of reasons. It will be sufficient to note one of them.

As heretofore stated, the only matter remaining before the court for adjudication, namely, the foreclosure of the mortgage, was purely a matter of equitable cognizance. In order for appellants to have prevented the foreclosure of the mortgage it was their duty to offer to do equity in the premises. This they did not do in any particular. All moneys which were obtained from the bank by virtue of the various notes—and there were about ten previous notes—were admittedly obtained upon the credit of William Swinton. Furthermore, as previously shown, William Swinton also benefited personally by the execution of the instant note and mortgage. Appellants did not offer restitution of the money, or any part of the money, with which the bank had parted by reason of the credit and signature of William Swinton on the various notes and the instant mortgage. Subsequent to the execution of the instant note and mortgage the bank was also induced to execute a waiver of its prior mortgage lien, under certain terms, in order to enable William Swinton to execute an oil and gas lease on the mortgaged land. The lease is no longer effective and that subject is of no present concern insofar as the bank's prior lien is concerned. Appellants, in effect, sought to have the mortgage transaction rescinded and canceled in order to defeat the enforcement of the mortgagee lien. Manifestly, they could not do that if they were actually entitled to rescission without offering to make restitution or to sufficiently excuse themselves from that duty. Without such a showing their evidence was demurrable. (*Erdley v. Dixon*, 127 Kan. 142, 272 Pac. 154, and numerous cases therein cited.) See, also, *Gribben, Guardian, v. Maxwell*, 34 Kan. 8,

7 Pac. 584; *Leavitt, Guardian, v. Files,* 38 Kan. 26, 15 Pac. 891; *Myers v. Knabe,* 51 Kan. 720, 33 Pac. 602; *Sluder v. National Americans,* 101 Kan. 320, 166 Pac. 482; Annot. 46 A. L. R. 417, 419, 422. In passing we may pause to note that since a demurrer was properly sustained to appellants' evidence a jury would have had no function to perform, even in an advisory capacity, had a trial by jury been granted.

Appellants urge there was no consideration for the note and mortgage. Obviously, in view of facts previously stated, that contention is not good.

Appellants argue the mortgage could not be foreclosed without a personal judgment having been rendered against the personal representative of the decedent. They also contend no judgment in rem was rendered. Clearly they are in error with respect to the last contention. The judgment was expressly made a first, prior and paramount lien on the land to the extent of the indebtedness represented by the note and secured by the mortgage.

It was not necessary that a personal judgment should also have been rendered on the note against the personal representative of the decedent in order to enforce the security. A mortgage may be given to secure the debt of another. The rule is clearly stated in 41 C. J., as follows:

"As has been noted, the consideration need not move to the mortgagor. Hence, the debt may be the debt of another and the consideration, for example, may consist in a loan to a third person, or a satisfaction of a debt due the mortgagee from a third person, or in the release of a mortgage of a third person, or forbearance or extension to a third person debtor." (p. 387, § 205.)

In 36 Am. Jur., Mortgages, § 61, it is said:

"Mortgages may be executed to secure the obligations of third persons. An undertaking by the grantor *to be personally responsible* for the payment of the debt of the third person is not essential to the validity of the mortgage. . . ." (p. 719.) (Emphasis supplied.)

In the instant case the debt was due and the mortgage was subject to foreclosure. Decedent's agreement, the real-estate mortgage, that his land could be subjected to the payment of the debt was enforceable. (*Jackson v. Longwell,* 63 Kan. 93, 96, 64 Pac. 991; *Diehl v. Davis,* 75 Kan. 38, 41, 88 Pac. 532; *Grieve v. Huber,* 41 Wyo. 168, 283 Pac. 1105.)

The amount of the mortgage lien was fixed in the decree of foreclosure. Any party entitled to redeem was definitely advised as to the amount required for that purpose.

In view of what already has been said we do not deem it necessary to treat other alleged errors. We have carefully examined all authorities cited by appellants in support of their respective contentions. They do not require and would not justify a reversal. The decree was equitable and just and is affirmed.

Hoch, J., not participating.