MARCUS R. THACKABERRY *et al.*

*v.*

LOUISA M. JOHNSON.

*Opinion filed June 19, 1907.*

1. MORTGAGES—*consideration for trust deed need not move directly from beneficiary to grantor.* A loan of money by the beneficiary in a trust deed to a third person at the request of the grantor is sufficient consideration for the deed.

2. SAME—*when holder of a note may elect to foreclose trust deed.* Where a deed of trust is made by the grantor to induce the· loan of money to a third person upon certain other land which the lender did not regard as sufficient security, and the latter takes a deed to the other land as additional security for the loan and executes a written defeasance, if the loan is not paid the lender may elect to foreclose the trust deed before resorting to the other land.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

M. L. THACKABERRY, for appellants.

CHARLES E. WYMAN, and DANIEL WEBER, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the appellee, against the appellants, in the circuit court of Cook county, to fore-·close two trust deeds in the nature of mortgages. One trust deed bore date December 2, 1896, and covered lot 10 in the circuit court partition of the north-west quarter of the south-west quarter of section 5 and the north half of the south-east quarter of section 6, in township 39, north, range 13, east of the third principal meridian, Cook county, Illinois, and was given to secure the payment of a prom-

issory note for the sum of $5000, of even date with said trust deed, due and payable to the order of the maker thereof three years after its date, with interest at seven per cent per annum, payable semi-annually, signed by the appellant Milton L. Thackaberry, which promissory note was by him endorsed and delivered to Frank Marshall, and by him delivered, for a valuable consideration, to the appellee. The time of payment of said promissory note was extended by, the appellee three years from its maturity, and the interest thereon was at the time of such extension reduced by appellee to five per cent per annum. And the other trust deed bore date November 2, 1899, and covered the same premises, and by its terms was made a lien thereon subject to the trust deed bearing date December 2, 1896, and was given to secure the payment of two promissory notes of even date therewith, payable to the order of appellee, one of said notes being for the sum of $600, due and payable three years after its date, with interest at six per cent per annum, and signed by said Milton L. Thackaberry, and the other of said promissory notes being for the sum of $2400, due and payable six months after its date, with interest at seven per cent per annum, and signed by William F. Olson. Answers and replications were filed, and the case was referred to one of the masters in chancery of said circuit court, who reported that there was due upon said promissory notes and trust deeds the sum of $9811.62, which amount included $150 solicitor's fees and $350.62 taxes paid by the holder of said notes and trust deeds; and recommended that a decree of foreclosure and sale be entered in said cause upon the said promissory notes and trust deeds. Objections were filed to said master's report with the master and overruled, and such objections were renewed in the circuit court as exceptions to said report and were there overruled, and a decree of foreclosure and sale was entered by the court in said cause in accordance with the prayer of the bill and the recommendations of the master, which decree, on appeal,

was affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

It is conceded by the appellants that they have no defense as against the $5000 and $600 promissory notes, so that no question arises upon this record as to those notes. It is, however, contended by the appellants that they have a defense as against the $2400 note, and that the decree of foreclosure and sale as to that note is erroneous and should be reversed.

The appellee is a married woman of some wealth, and her husband, Sidney B. Johnson, represented her in the negotiation of the William F. Olson loan. The appellant Milton L. Thackaberry was a practicing lawyer in the city of Chicago, and had represented the appellee prior to the negotiation of the William F. Olson loan. He wrote the appellee's husband to call at his office with a view to make a loan of the appellee's funds to Olson. Johnson called at Thackaberry's office, and the latter offered to him as security for a loan of $2400, on behalf of Olson, two hundred acres of land situated in the State of Texas. The security appears not to have been satisfactory to Johnson, and after some negotiations the appellee's husband agreed to recommend the loan if Milton L. Thackaberry would secure the payment thereof, in addition to the Texas land, by a second trust deed upon the Cook county property, upon which appellee then held the $5000 promissory note and trust deed hereinbefore referred to, and the loan was subsequently made to William F. Olson. William F. Olson conveyed to the appellee, by his warranty deed, the Texas land and she gave him back an article of defeasance, and Milton L. Thackaberry executed and delivered to her a second trust deed upon the Cook county property upon which she then held the $5000 trust deed, to secure the payment of said $2400 note, and there was included in said trust deed a $600 promissory note representing a loan for that amount from the appellee to Milton L. Thackaberry. The master

in chancery reported that the deed from William F. Olson to the appellee for the Texas land was made as additional security for the payment of the $2400 note, and the chancellor incorporated in the decree a finding of fact to the same effect. At the time the Texas property was conveyed to the appellee she executed and delivered to William F. Olson an instrument in writing, which provided if the $2400 loan made to him should be paid at maturity he should be entitled to a re-conveyance of the Texas property, but if said loan was not paid at maturity the appellee should become invested with the absolute title to said property. The trust deed securing the $2400 note does not refer to the conveyance of the Texas property to the appellee, and Sidney B. Johnson testified that he called upon Milton L. Thackaberry in response to a letter and Thackaberry submitted to him the Olson loan; that he inquired as to the quality of the Texas land and as to Olson's title thereto, and that Thackaberry said that he had seen the land and that it was worth from $30 to $40 per acre and rented for $600 per annum, and that Olson's title was good. Johnson said he knew nothing about the land, but that if Thackaberry would secure the loan by a trust deed upon the Cook county property upon which his wife already had a trust deed for $5000, in addition to the Texas land, he would recommend his wife to make the loan, and that the loan was made upon that basis. Milton L. Thackaberry agrees with Johnson as to the basis upon which the loan was made, with this difference: that he says the understanding was that if Olson made default in the payment of the $2400 loan the Texas land was to be conveyed to him and that the Cook county property was then to stand as security for the loan, and claims that he had called upon the appellee to convey to him the Texas land subsequent to Olson's default and that she had refused to comply with her agreement by making such conveyance to him, and he now urges that she should be held to have elected to accept the Texas

land in payment of the $2400 loan to Olson and that his Cook county property should be discharged from the lien of the $2400 Olson note, and, unless this be done, insists that the appellee should be required to exhaust her lien upon the Texas property before proceeding to enforce the same against his Cook county property.

We have read the record with care, and think the evidence fully justifies the finding of the master and the chancellor, as incorporated in the master's report and the decree of the chancellor. Appellant Milton L. Thackaberry was the attorney of the appellee. He was familiar with the Texas property, and presumably the title thereto, while the appellee and her husband were not, and he was the moving party in negotiating the loan to William F. Olson. Sidney B. Johnson testified that the deed to the Texas property was made to his wife as additional security to the trust deed upon the Cook county property. The trust deed upon the Cook county property was drawn by Thackaberry or under his direction, and it in no way indicates it was not executed as a security for the $2400 note as well as for the $600 note, which last mentioned note he concedes is a valid lien upon the Cook county property, and the agreement of defeasance prepared by Mr. Thackaberry from the appellee to Olson at the time the $2400 loan was made clearly indicates that the Texas land was only held by the appellee as security for the $2400 loan. In view of all these facts we think it clear appellee had the right, if she saw fit, first to look to the Cook county property for the payment of her $2400 debt against Olson, and if she failed to obtain payment by the sale of that property, that she might resort to the Texas property for the deficiency. This, we think, was the view of Thackaberry, as shown by his acts prior to the filing of the bill of foreclosure in this case, as when Olson's title to the Texas land was found to be defective he sought to cure the defects therein, and testified he had caused the defects in Olson's title, at an expense to

himself of $700, to be remedied, and offered to convey the title, which he had acquired through deeds made to him from parties either owning or holding clouds upon Olson's title, to the appellee if she would release her lien for said $2400 upon his Cook county property.

It is said by the appellants that there was no consideration moving from appellee to Milton L. Thackaberry which will support said second trust deed upon the Cook county property so far as it secures the payment of the $2400 note of Olson. The consideration for the trust deed was the loan of the $2400 by the appellee to William F. Olson. It was not necessary that a consideration for the trust deed move directly from appellee to Milton L. Thackaberry.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*