## Paul K. Brimie, Appellee, v. Lillian Benson, Executrix, Appellant.

### Gen. No. 24,692.

1. MORTGAGES, § 22*—*conveyance as security as conveyance in nature of mortgage.* A conveyance made as security is properly held to be a conveyance in the nature of a mortgage (Rev. St. ch. 95, sec.' 12, J. & A. ¶ 7587), and it is not necessary that the consideration move directly from the grantor to the grantee.

2. DAMAGES, § 66*—*measure of damages when property held as security is conveyed in violation of agreement.* Where property held as security is conveyed by a defendant in violation of her agreement, she is liable for the full value of the property as of the date of the sale unless such property is sold for more than it is worth, in which case the defendant is liable according to the amount received.

3. MORTGAGES, § 34*—*what relief may be granted on bill praying that absolute deed be decreed a mortgage, and for general relief.* Where a bill prays that an absolute deed of conveyance be decreed a mortgage, for an accounting, and that property received by the defendant be conveyed to complainant, it appearing that such defendant conveyed property held as security in violation of her agreement, and the bill also contains a prayer for general relief, the court may grant such relief under the general prayer as the allegations and proof demand, even though the prayer for specific relief is denied.

4. INTEREST, § 69*—*when allowed in equity.* In equity, interest is allowed because of equitable considerations and is given or withheld as under all the circumstances of the case seems equitable and just.

5. ACCOUNT, § 54*—*when defendant not chargeable with interest prior to filing of bill.* Where property was conveyed to a defendant as security and held by her for 5 years, without any demand for reconveyance, and the defendant sold such property in violation of her agreement, resulting in a suit for an accounting which was brought 2 years later, it would not be equitable or just to charge such defendant with interest prior to the filing of the bill, which might be considered a demand.

Appeal from the Circuit Court of Cook county; the Hon. MERRITT

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Brimie v. Benson, 216 Ill. App. 474.

W. PINCKNEY, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1918.    Decree modified and affirmed. Opinion filed February 11, 1920.

THOMPSON, TYRRELL & CHAMBERS, for appellant.

CHARLES C. SPENCER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Paul K. Brimie filed his bill of complaint against Olga Rohne and Mary Benson, praying that certain deeds of conveyance, absolute on their face, be decreed to be mortgages; that an accounting be had between him and the defendant Benson; that she be decreed to hold certain real estate in trust for complainant; that she convey it to him, and for general relief. Olga Rohne was defaulted. Mary Benson filed a plea which was held bad, and the defendant having elected to stand by it, the bill was taken as confessed. The plea averred in substance that complainant was not indebted to her on account of moneys she had advanced for complainant's brother, and that complainant did not promise in writing, nor was there any note or memorandum in writing signed by complainant or any other person by him duly authorized, that he would pay his brother's indebtedness. The case was heard in open court and a decree entered finding the deeds to be mortgages, and on an accounting it was found that there was due to complainant from defendant $2,029.81, to reverse which defendant, Benson, prosecutes this appeal.

There is no certificate of the evidence in the record.

The bill alleged and the decree found that on July 8, 1909, complainant was the owner in fee simple of a certain lot; that on that date he conveyed it by quitclaim deed to Olga Rohne; that while the conveyance was absolute in terms it was intended to be only

security for $150 which complainant owed Rohne; that the deed was delivered and recorded; that afterwards, November 9, 1909, complainant gave other security to Rohne, and on that date at the request and direction of complainant, Rohne conveyed the property to Mary Benson by quitclaim deed which was delivered and afterwards recorded; that this conveyance, though absolute in terms, was intended only as security to secure Benson from any loss by reason of her having become surety for complainant's brother in the sum of $800; that complainant's brother afterwards paid this indebtedness; that afterwards complainant agreed with defendant Benson that if she would become surety for complainant's brother for another indebtedness of $500, she might continue to hold the real estate as security; that afterwards Mary Benson became surety for complainant's brother and was compelled to pay $400 as such surety; that she also paid a further sum of $100 at complainant's request, and paid an incumbrance on the property and other taxes and assessments; that on July 7, 1914, Mary Benson, in violation of her agreement with the complainant and without his knowledge or consent, conveyed the premises by warranty deed to Malvina Deutsche; that the latter was a bona fide purchaser of the property. The decree further found the amount due Mary Benson for payments made by her, with interest thereon to the date of the conveyance by her, viz.: July 7, 1914, was $902.19. It was also found that the fair cash market value of the real estate at the time it was conveyed by Mary Benson was $2,600; that from this the defendant Benson was entitled to deduct the $902.19, leaving a balance due from her to complainant of $1,697.81, on which the court allowed interest at 5 per cent from July 7, 1914, to the entry of the decree, June 27, 1918.

It is said that a deed absolute on its face cannot be decreed a mortgage unless there is a debt due from the grantor to the grantee, and since there is no allega-

tion in the bill and no finding in the decree that complainant ever promised to pay defendant, the deeds cannot be held to be mortgages. In *Thackaberry v. Johnson,* 228 Ill. 149, it was held that it was not necessary that the consideration move from the grantor to the grantee to warrant a foreclosure of the mortgage. In that case Johnson loaned $2,400 to Olson, the payment of which was secured by a mortgage or trust deed from Thackaberry on the latter's property. On a bill filed to foreclose the mortgage, the court said (p. 154): "It is said by the appellants that there was no consideration moving from appellee to Milton L. Thackaberry, which will support said second trust deed upon the Cook county property so far as it secures the payment of the $2,400 note of Olson. The consideration for the trust deed was the loan of the $2,400 by the appellee to William F. Olson. It was not necessary that a consideration for the trust deed move directly from appellee to Milton L. Thackaberry." Since it is alleged in the bill and found by the decree that the conveyance was made as security, the court properly held the conveyance to be in the nature of a mortgage. Rev. St. ch. 95, sec. 12 (J. & A. ¶ 7587).

Complaint is also made that the court erred in decreeing that defendant was liable for the market value of the property at the time of the sale by her, and that if liable at all, it should be only for the amount she received for the property when she sold it. Since the decree found that the property was conveyed by defendant in violation of her agreement, the law is that she should be held for the full value of the property as of the date of the sale unless it appears that she sold it for more, in which case the amount of the sale should govern. *Gibbs v. Meserve,* 12 Ill. App. 613; *Enos v. Sutherland,* 11 Mich. 538.

It is further urged that the decree is wrong as it is not in accordance with the prayer of the bill; that the bill prayed that an accounting be had and that defend-

ant be decreed to convey to complainant the property she received in exchange for her property, after allowing the amount due her. We think it clear that the relief granted does not follow the prayer of the bill. But there was also a prayer for general relief, and in such case the court may grant such relief under the general prayer as the allegations and proof demand, though the prayer for specific relief be denied. *Casstevens v. Casstevens,* 227 Ill. 547.

It is finally argued that it was error to charge defendant with interest on the market value of the property sold by her from the date of the sale for the reason that the amount due on the accounting was uncertain, and that the statute provides that interest may be allowed on the amount found due on an account from the time the balance is struck, and that the balance was not known until the evidence was heard. On the other side, it is argued that the allowance of interest was proper under the authority of *Smyth v. Stoddard,* 203 Ill. 424. We think the position taken by both parties is unsound as applied to the facts in the instant case. In equity, interest is allowed because of equitable considerations and is given or withheld as under all the circumstances of the case seems equitable and just. *Golden v. Cervenka,* 278 Ill. 409; *Keady v. White,* 168 Ill. 76. In the instant case the property was conveyed to the defendant November 9, 1909. She held it until July 17, 1914, nearly 5 years. During that time she became surety for complainant's brother on two different occasions and the last time was required to pay $400 for him. She removed an incumbrance from the property, paid taxes and assessments on it, and another time, at complainant's request, paid $100 for his brother, for all of which she received no consideration. So far as the record shows, no demand was ever made on her to reconvey the property or to pay a fair consideration for it less what was due her. In these circumstances and in view of all the equities of the

case, we think it would be neither equitable or just to charge her with interest prior to the filing of the bill, which may be considered a demand. *Whittemore v. People,* 227 Ill. 453. The conveyance was made by defendant July 7, 1914, and the bill was not filed until July 8, 1916, two years thereafter. During this period defendant was charged 5 per cent interest on $1,697.81, which amounts to $169.78. This amount will, therefore, be deducted from the amount due by the decree, viz., $2,029.81, leaving a balance due of $1,860.03. The decree will be modified to this extent and as modified it is affirmed.

One-half of the costs in this court is taxed to each of the parties.

*Decree modified and affirmed.*