Clarence R. Riddle and Ella J. Smith, Plaintiffs-Appellees, v. La Salle National Bank, James M. Stone, Mary Stone, His Wife, Samuel Gilford, Central National Bank, Second Timothy Baptist Church, Interstate Bond Company, Lela Jackson, Duncan Jennings, George Ivory and Unknown Owners, Defendants-Appellants.

Gen. No. 48,441.

First District, Third Division.

February 21, 1962.

John S. Charone, of Chicago, for appellants.

William C. Ritter, of Chicago (Oliver A. Clark, Glen C. Fowlkes, Joseph W. Handy, Jr., and Clinton O. Sims, of counsel), for appellees.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This appeal is by the defendants, James and Mary Stone, from a decree foreclosing a trust deed executed by them and by the Second Timothy Missionary Baptist

Church on property owned by the Stones, located at 3524 South Michigan Avenue, Chicago.

The trust deed for this and five other pieces of property was dated November 1, 1949. It was given to secure a promissory note for $15,345.76, executed the same day by the Stones and the church. The note was payable in installments of $332 on the first of each succeeding month. The complaint alleged that on February 16, 1959, there was an unpaid balance of $10,038.22 and accrued interest of $3,541.77.

The Stones denied indebtedness to the plaintiffs and denied receiving consideration from them for executing the deed. Their answer also averred that at the time the trust deed and note were signed the Second Timothy Missionary Baptist Church, of which James Stone was the pastor, was in need of funds to pay off many of its obligations; that the money was loaned by the plaintiffs, who were active in the affairs of the church, with the understanding that payments on the note were to be made out of church funds, as and if they became available, and that it was agreed that if the church was unable to make the payments no foreclosure would be instituted.

The plaintiffs did not reply to this answer. They sought leave to do so about five months after the answer was filed but their motion was denied. The case was referred to a master in chancery, who found for the plaintiffs. The chancellor overruled exceptions to the master's report and entered the decree of foreclosure. The defendants offered no proof before the master. Their position before the master, before the chancellor and in this court is that their answer raised affirmative defenses which are a complete defense to the foreclosure and which, not being denied, stand admitted.

 The Civil Practice Act (Ill Rev Stats 1959, c 110) provides: "The facts constituting an affirmative defense, such as . . . want or failure of consideration

118

in whole or part, . . . must be plainly set forth in the answer." Sec 43(4). "If new matter by way of defense is pleaded in the answer, a reply shall be filed by the plaintiff, . . ." Sec 32. "Every allegation, . . . not explicitly denied is admitted, . . ." Sec 40(2). These statutory provisions support the defendants' position. However, there is a correlative principle of law which must be considered: if the complaint itself negatives an affirmative defense, no reply is necessary. Allwood v. Cahill, 382 Ill 511, 47 NE 2d 698; Schiff v. Schiff, 25 Ill App2d 157, 165 NE2d 713. The question, therefore, becomes this: does the present complaint adequately meet and deny the allegations of want of consideration, lack of indebtedness and the promise not to foreclose, so that no reply was required?

█ The complaint charged that on November 1, 1949, the defendants were indebted to the plaintiffs, that they executed their promissory note evidencing this indebtedness and executed the trust deed to secure the note. The note and the trust deed were attached to the complaint and made part of it. The averments of the complaint, supported by the exhibits, directly asserted indebtedness and consideration and were, therefore, the equivalent of a denial of the affirmative defenses of no indebtedness and want of consideration. No further negation by way of a reply was necessary. In re Estate of Frayser, 401 Ill 364, 82 NE2d 633; 30 ILP, Pleadings, sec 144.

█ The allegation in the answer that the defendants were not indebted to the plaintiffs on November 1, 1949, also goes to the question of consideration and it was not required that the plaintiffs repeat what they had already affirmed in their complaint. A mortgage may be given to guarantee the debt of another, and if he or the mortgagor benefits thereby there is sufficient consideration for the mortgage. 59 CJS Mortgages, sec 90. The consideration for a mortgage

119

need not move directly from the mortgagee to the mortgagor. The consideration may consist in a loan to a third person. If, at the mortgagor's request, any detriment, loss or damage is sustained by the mortgagee or if any advantage, profit or benefit is conferred on or accrues to the mortgagor, there is sufficient consideration to support the mortgage. II Jones, Mortgages, 8th ed, sec 751; 36 Am Jur, Mortgages, sec 61; I Reeve, Illinois Mortgages and Foreclosure, sec 127. In Thackaberry v. Johnson, 228 Ill 149, 81 NE 828, a Mrs. Johnson sought to foreclose on a trust deed given to her by Thackaberry, an attorney. Thackaberry, who had executed a prior trust deed to Mrs. Johnson on the same property, executed another trust deed to secure a loan of $2,400 from Mrs. Johnson to Olson. To further secure the loan, Olson gave a trust deed on his own property in Texas. Olson defaulted and Mrs. Johnson foreclosed against Thackaberry's property. He defended on the ground that insofar as Olson's debt was concerned there was no consideration moving from Mrs. Johnson to him. The court held that the consideration for his trust deed was the loan of $2,400 by Mrs. Johnson to Olson and that it was not necessary that a consideration for Thackaberry's trust deed move directly from Mrs. Johnson to Thackaberry.

The defense that the plaintiffs agreed not to foreclose if the church did not keep up the payments, also involves the question of consideration. Consideration has been defined to consist of some right, interest, profit or benefit accruing to one party, or some forbearance, disadvantage, detriment, loss or responsibility, given, suffered or undertaken by the other. Anderson v. Bills, 335 Ill 524, 167 NE 864; Buchanan v. International Bank, 78 Ill 500. "There is sufficient consideration for a promise if the promisee

120

forgoes some advantage or benefit or parts with a right which he might otherwise exert. Forbearance from exercising a right or doing an act which one has a right to do is sufficient consideration where such forbearance is requested as consideration." 12 Am Jur, Contracts, sec 81. The assertion in the answer that the plaintiffs agreed not to foreclose, was tantamount to saying that the defendants signed the trust deed because the plaintiffs agreed to forbear exercising their valid right to collect the debt owed them. This assertion raised just another phase of the defense of want of consideration.

The issue of consideration was joined by the complaint and answer and there was no need for supplemental pleadings. By not presenting evidence before the master, the defendants preserved their technical position but they failed to meet the burden which became theirs of substantiating their affirmative defense. Laegeler v. Bartlett, 10 Ill2d 478, 140 NE2d 702; Higgins v. Chicago Title & Trust Co., 312 Ill 11, 143 NE 482; In re Estate of Brauns, 330 Ill App 322, 71 NE2d 364.

The plaintiffs' evidence was uncontroverted. The master could do nothing else but find for the plaintiffs and the chancellor correctly overruled the exceptions to his report. The decree of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.