[No. 4537–1. Division One.   January 16, 1978.]

SEATTLE–FIRST NATIONAL BANK, *Respondent,* v. HAROLD
E. HART, ET AL, *Defendants,* FORBES BRUCE,
ET AL, *Appellants.*

*Lewis S. Armstrong,* for appellants.

*Davis, Wright, Todd, Riese & Jones* and *Bradley C. Diggs,* for respondent.

WILLIAMS, J.—Seattle–First National Bank brought this action against Forbes and Kathleen Bruce, and others, to foreclose a real estate mortgage. They appeal from that part of the judgment foreclosing the mortgage upon their interest in the real property. We affirm.

The facts are these. In August 1971, the Bruces, together with their then co–owners, the Molitors, leased certain real property located in Issaquah to Harold and Lou Jean Hart, it being the intention of the parties that the Harts would build a mortuary thereon with money borrowed from Seattle–First. In agreeing to the loan, Seattle–First required that the real property be mortgaged to it as security for repayment of the loan to the Harts. The Harts, Bruces and Molitors signed the mortgage, but only the Harts signed the promissory note secured by the mortgage. In March 1973, the Harts defaulted in the payment of the debt, and this action, seeking a money judgment against the Harts and foreclosure against all parties, followed.

In an unchallenged finding of fact, which is supported by substantial evidence, the court stated:

> The defendants Bruce and Molitor were individuals who had engaged in a number of previous real estate transactions and were familiar with the various forms of real estate security transactions. The defendants Bruce and Molitor knew and understood that the real property which is the subject matter of this action stood as security for the loans made by Seattle–First National Bank to Harold Hart for the construction of the funeral home on that real property. The defendants Bruce and Molitor executed the real property mortgage with such knowledge and understanding.

The court also found that there was no fraud or overreaching on the part of the officers of Seattle–First.

■ The principal question is whether the mortgage was valid as to the Bruces, inasmuch as they were not personally liable on the underlying obligation. In *Weikel v. Davis,* 109 Wash. 97, 101, 186 P. 323 (1919), the court stated:

> It is not necessary that there should be a personal liability of the mortgagor in order for there to be a mortgage.

It is a common practice in the state of Washington for mortgages to be drawn which specially provide that the mortgagee shall look exclusively to the mortgaged lands and that there shall be no personal liability of the mortgagor, and, so far as we are aware, it has never before been questioned that such instruments were mortgages. . . .

. . .

"A mortgage may be created as well without as with an accompanying personal obligation of the mortgagor to pay the debt secured, or attempted to be secured, thereby.

RCW 61.12.050 provides that

When there is no express agreement in the mortgage nor any separate instrument given for the payment of the sum secured thereby, the remedy of the mortgagee shall be confined to the property mortgaged.

Although there is no Washington case directly holding that a mortgage may secure the obligation of another, there is ample authority for that proposition. 55 Am. Jur. 2d *Mortgages* § 146 (1971); *Cross v. Allen,* 141 U.S. 528, 35 L. Ed. 843, 12 S. Ct. 67 (1891); *State Bank v. Criswell,* 155 Kan. 314, 124 P.2d 500 (1942); *Wilbanks v. Wilbanks,* 330 S.W.2d 607 (Tex. 1960). The reason for the rule is explained in *Riddle v. La Salle Nat'l Bank,* 34 Ill. App. 2d 116, 119–20, 180 N.E.2d 719 (1962):

A mortgage may be given to guarantee the debt of another, and if he or the mortgagor benefits thereby there is sufficient consideration for the mortgage. 59 CJS Mortgages, sec 90. The consideration for a mortgage need not move directly from the mortgagee to the mortgagor. The consideration may consist in a loan to a third person. If, at the mortgagor's request, any detriment, loss or damage is sustained by the mortgagee or if any advantage, profit or benefit is conferred on or accrues to the mortgagor, there is sufficient consideration to support the mortgage.

Accordingly, the interest of the Bruces in the real property is subject to the mortgage foreclosure.

The other questions presented are insubstantial.

Judgment affirmed.

FARRIS, C.J., and CALLOW, J., concur.