**In re Lynn B. JANIS and Marilyn J. Janis, husband and wife, Debtors,**

**Victoria DRUMMOND, Trustee, Plaintiff/Appellee,**

v.

**William F. CALLEJO, Defendant/Appellant.**

Nos. Civ 91–1243–PHX–SMM, B–88–7013–YUM–SSC. Adv. No. 89–346.

United States District Court, D. Arizona.

May 29, 1992.

Timothy H. Barnes, Elizabeth C. Amorosi, Myers, Barnes & Jenkins, P.C., Phoenix, AZ, for defendant/appellant.

Jim D. Smith, Law Offices of Jim D. Smith, Yuma, AZ, for plaintiff/appellee.

## OPINION AND ORDER

McNAMEE, District Judge.

This appeal arises from the Bankruptcy Court's order awarding one-half of the proceeds from the sale of a condominium in Hawaii to Appellant Callejo, and remitting the other half of the proceeds to the Trustee of Mr. and Mrs. Janis' estate. Callejo appeals from the Bankruptcy Courts's

Memorandum Decision and Order dated January 4, 1991, 125 B.R. 274.

## BACKGROUND

### A.  Facts

On October 1, 1979, Morwest Real Estate and Development Ltd., an entity controlled by Debtor Lynn B. Janis, executed a Real Estate Lien Note (the Note) in the principal amount of $1,400,000 to the order of, among others, Appellant William F. Callejo. Morwest executed a Deed of Trust as security for the Note in which Callejo was the beneficiary.  The trust property was an apartment complex in Fort Worth, Texas.

Mr. Janis sought Callejo's permission to transfer the trust property from one of Mr. Janis' entities, Morwest Real Estate and Development, to another, Morwest Development Arizona.  In exchange for Callejo's permission to conduct the transfer, Mr. Janis executed a personal guaranty (the guaranty) for the debt on July 31, 1980. Mr. Janis' wife, Marilyn Janis, did not sign the guaranty.

In 1986, Mr. Janis sought permission to sell the trust property.  Callejo consented to the sale in exchange for certain consideration.  The consent agreement between Callejo and Mr. Janis is set forth in the Tri-Party Agreement and Consent to Sale, which was executed on May 27, 1986.  In particular, Mr. Janis agreed to rehabilitate the property in accordance with a schedule set forth in the Tri-Party Agreement because the property had fallen into disrepair.  Mrs. Janis did not execute the Tri-Party Agreement.

In addition to Mr. Janis' agreement to rehabilitate the trust property, Callejo requested additional security in the form of a second mortgage on the Janises' jointly-owned condominium in Hawaii.  On May 24, 1986, both Mr. and Mrs. Janis executed the second mortgage on the Hawaii condominium, which was to remain in effect during the period of the rehabilitation of the trust property.  The mortgage contained a clause in which the Janises agreed to pay the guaranty according to the terms of the Tri-Party Agreement.

On July 27, 1986, Mr. Janis, acting through Morwest Development Arizona, sold the trust property.

The rehabilitation did not occur in accordance with the terms of the Tri-Party Agreement, and on October 12, 1987, a default occurred under the terms of the Note.  As guarantor, Mr. Janis failed to remedy the default, and a sale of the trust property occurred on July 5, 1988.  The sale resulted in a deficiency, and Callejo sent a demand to Mr. Janis for payment of the deficiency.

On September 8, 1988, the Janises filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Arizona, and the Bankruptcy Court appointed a Trustee.  On May 15, 1989, the Trustee sought authority to sell the Hawaii property, and filed an adversary complaint in the United States Bankruptcy Court for the District of Arizona.  The court granted the request, and the Trustee sold the Hawaii property.  After the Trustee paid the first lien holder, the balance of the proceeds remained in escrow pending the Bankruptcy Court's determination of the validity of the Callejo mortgage on the Hawaii property.[1]

### B.  The Bankruptcy Court's Findings.

The Bankruptcy Court held the mortgage on the Hawaii property was unenforceable against Mrs. Janis' portion of the community property.  The Bankruptcy Court stated in Arizona a mortgage is not a debt, but

---

1. In addition to the bankruptcy court proceedings, the District Court of Tarrant County Texas entered default judgment against the Janises on the guaranty on September 13, 1988.  The judgment awarded Callejo, *inter alia,* the right to foreclose the second mortgage on the property in Hawaii.  On September 18, 1989, Callejo obtained a judgment from the Circuit Court of the Third Circuit, State of Hawaii, which held the Texas judgment and Callejo's lien on the Hawaii property were valid.  In its Memorandum Decision and Order, the Bankruptcy Court declared both the Texas and Hawaii judgments invalid because they violated the automatic stay imposed pursuant to 11 U.S.C. section 362.

The violations of the automatic stay are not at issue in this appeal.

rather is a security for a debt. R. 16. The Bankruptcy Court also stated in Arizona both spouses are required to sign a guaranty agreement for the agreement to bind the marital community. R. 12 (citing A.R.S. § 25–214(C)(2)). Because only Mr. Janis executed the Tri–Party Agreement and the guaranty, the Bankruptcy Court concluded the Callejo mortgage on the Hawaii property was valid only to the extent of Mr. Janis' portion of the Janises' community property. Based on that finding, the Bankruptcy Court held Callejo was entitled to receive only half of the proceeds from the sale of the Hawaii property.

STANDARD OF REVIEW

When considering an appeal from the bankruptcy court, a district court reviews findings of fact under the clearly erroneous standard and issues of law *de novo.* 28 U.S.C.A. § 158(a); Fed.R.Bankr.P. 8013; *In re Visiting Home Servs., Inc.,* 643 F.2d 1356, 1359 (9th Cir.1981). A finding of fact is clearly erroneous when, after reviewing the evidence, the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

DISCUSSION

Although the Bankruptcy Court's statement of the law in Arizona with respect to community property and guaranty agreements is correct, this Court disagrees with the Bankruptcy Court's conclusions regarding the validity of the mortgage agreement.

Callejo argues the Bankruptcy Court erred in not granting Callejo the full remaining proceeds from the sale of the Hawaii condominium, and the mortgage is enforceable against Mrs. Janis' portion of the Janis' community property because, *inter alia,* a mortgage may be given to secure the debt of a third person, the mortgage secured performance of the Tri–Party Agreement and the guaranty, and the

mortgage contained a separate and additional promise to pay.

The Trustee of the Janises' estate reiterates the analysis of the Bankruptcy Court in arguing why the mortgage is invalid against Mrs. Janis' portion of the community property.

*A. Enforceability of a Mortgage as Security for a Third–Party Debt*

█ Callejo proffers several decisions in which courts have held a mortgage may be given to secure a third-party debt. *Kennebunk Savings Bank v. West,* 538 A.2d 303, 304 (Me.1988); *Seattle–First National Bank v. Hart,* 19 Wash.App. 71, 573 P.2d 827, 828 (1978). Although no Arizona case law directly supports the proposition that a mortgage can be given to secure a third-party debt, ample authority for the proposition exists. *See Cross v. Allen,* 141 U.S. 528, 12 S.Ct. 67, 35 L.Ed. 843 (1891); *Riddle v. La Salle National Bank,* 34 Ill. App.2d 116, 180 N.E.2d 719, 721 (1962); 59 C.J.S. Mortgages § 90; 55 Am.Jur.2d *Mortgages* § 146 (1971). Courts discussing this issue have stated a mortgage may be given to secure the debt of a third-party if sufficient consideration exists for the mortgage. *Riddle,* 180 N.E.2d at 721. This proposition is well founded in light of the general rule that parties may enter into contracts for any legal purpose. *See Mason v. State Farm Mut. Auto. Ins. Co.,* 148 Ariz. 271, 274, 714 P.2d 441, 444 (App.1985). No Arizona statute or case prohibits giving a mortgage as security for the debt of a third party. Therefore, the Court finds Mrs. Janis had the power to sign a mortgage as security for Mr. Janis' debt.

The parties do not dispute Mr. Janis' liability for his personal guaranty on the Note. Mrs. Janis can execute a mortgage to secure the debt of her husband, and effectively did so by joining in the execution of the mortgage on the Hawaii property. Mrs. Janis executed the mortgage in exchange for valid consideration: Callejo's permission to sell the trust property. By joining in the execution of the mortgage, Mrs. Janis satisfied the "joinder" requirement of A.R.S. Section 25–214(C)(2).

Therefore, the mortgage agreement is valid.

### B. Enforceability of the Mortgage as an Independent Promise of Payment

■ The mortgage states:

Mortgagor will pay unto the Mortgage the Guaranty with interest thereon, all according to the terms of the TRI–PARTY AGREEMENT, made by the Mortgagor hereby secured; and will also pay all other indebtedness now or as may hereafter be or become due and owing by the Mortgagor to the Mortgagee on any and every account, together with interest thereon as may be specified with respect thereto.

R. 2.

In addressing this issue, the Bankruptcy Court stated the mortgage did not incorporate the guaranty, but merely referred to it. The court concluded the brevity of the reference did not justify binding Mrs. Janis' portion of the community under the mortgage.

■ The Bankruptcy Court's analysis did not take into consideration the explicit language in the mortgage. Under Arizona law, a court must construe a contract according to the explicit language of the agreement. *See Burkons v. Ticor Title Ins. Co. of Cal.*, 168 Ariz. 345, 351, 813 P.2d 710, 716 (1991) (absent explicit language as to intent, a court should look to the reasonable expectations of the parties to determine the intent of the contract). By signing the mortgage, both Mr. and Mrs. Janis clearly assert they will pay the monies due under the guaranty, and all other indebtedness they owed to Callejo. Because of the explicit language in the mortgage, Mr. and Mrs. Janis became liable to Callejo when the default occurred.

2. Had the Court applied Hawaii law in this case, the result would have been the same because under Hawaii law a husband or wife can join in a mortgage as security for any indebtedness of either the husband or the wife. Haw.Rev.Stat. § 510–8(i).

3. In addition, absent a proper cross appeal, an appellee may not attack the lower court's judg-

CONCLUSION

Because a mortgage properly may be given to secure the debt of a third person, and because the mortgage contained a separate and additional promise to pay under the terms of the guaranty, Mrs. Janis encumbered her portion of the Janises' community property when she executed the mortgage. Given the default that occurred under the terms of the Tri–Party Agreement and Mr. Janis' guaranty, Callejo was entitled to foreclose on the mortgage. Therefore, the Court finds the Bankruptcy Court erred in granting Callejo only half of the proceeds from the sale of the Hawaii property.[2]

■ In light of the analysis contained in this opinion, the Court will not address the Trustee's argument that the entire mortgage is invalid.[3]

**IT IS ORDERED** reversing the order of the Bankruptcy Court and remanding the case for further proceedings consistent with this opinion.

ment. *Swarb v. Lennox*, 405 U.S. 191, 201, 92 S.Ct. 767, 772, 31 L.Ed.2d 138 (1972). The Court notes the Trustee filed a notice of cross appeal, however, the Ninth Circuit Bankruptcy Appellate Panel dismissed the appeal for failure to prosecute. Appellant's Reply Brief, Appendix A.