92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Dwight C. and Dinah F. LUNDELL, Debtors.
Dwight C. LUNDELL; Dinah F. Lundell, Debtors-Appellants,
v.
CITIBANK (ARIZONA), Appellee.
 No. 95-15056.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 26, 1996.
 
 Before: WOOD, JR.,** CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Dwight and Dinah Lundell appeal the district court's affirmance of the bankruptcy court's grant of summary judgment in favor of Citibank regarding its proof of claim. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and affirm.
 
 FACTS
 
 3
 Citibank is the owner and holder of a $300,000 Promissory Note executed in 1988 by Dwight C. Lundell, M.D. ("Dr. Lundell"). This Note, signed by Dr. Lundell alone, was secured by a Deed of Trust executed by both Dr. Lundell and Dinah F. Lundell ("Mrs. Lundell"), his wife. The Deed was recorded against real property owned by the Lundells in Maricopa County, Arizona. The Lundells used approximately $200,000 of the loan for improvements to the real property securing the loan, and the remaining $100,000 for improvements to an apartment complex in which the Lundells had an interest.
 
 
 4
 The Lundells filed a Chapter 11 bankruptcy petition on March 28, 1990. The case was later converted to a Chapter 7 liquidation. After the senior lienholder foreclosed on the real property securing Citibank's Note, Citibank filed an Amended Proof of Claim disclosing its status as an unsecured creditor in the amount of $300,000. The Lundells (but not the Chapter 7 Trustee) objected to this claim, arguing that since Mrs. Lundell did not sign the Note the indebtedness was not a community obligation, and therefore could not be satisfied from community property. Citibank filed a motion for summary judgment on this issue, and the Lundells filed a cross-motion. The Bankruptcy Court granted Citibank's motion, holding that Mrs. Lundells' signature on the Deed of Trust "constitutes the requisite joinder of spouses required by A.R.S. § 25-214(c)(1) to obligate [the Lundell marital community] for repayment of the Promissory Note." The district court affirmed on the same and other grounds. The Lundells appeal.
 
 DISCUSSION
 
 5
 The issue in this case is whether the marital community is liable for repayment of a Promissory Note when only one spouse signed the Note but both spouses signed the Deed of Trust securing the Note and used the loan proceeds to benefit community property.
 
 
 6
 The relevant statutes are Ariz.Rev.Stat. §§ 25-215(D) and 25-214(C)(1). Section 25-215(D) states:
 
 
 7
 Except as prohibited in § 25-214, either spouse may contract debts and otherwise act for the benefit of the community. In an action on such a debt or obligation the spouses shall be sued jointly....
 
 Section 25-214(C) states:
 
 8
 Either spouse separately may acquire, manage, control or dispose of community property, or bind the community, except that joinder of both spouses is required in any of the following cases:
 
 
 9
 1. Any transaction for the acquisition, disposition or encumbrance of an interest in real property other than an unpatented mining claim or a lease of less than one year.
 
 
 10
 2. Any transaction of guaranty, indemnity or suretyship.
 
 
 11
 (emphasis added).
 
 
 12
 The Lundells' appeal hinges on their argument that the "transaction" referred to in § 25-214(C) must here be considered to include both the Note and the Deed of Trust, together. They claim that since Mrs. Lundell did not sign the Note, her signature on the Deed of Trust alone cannot bind the community because of the statute's joinder requirement. We disagree. It is unnecessary to read the two documents as one. The Note does not "encumber an interest in real property"; this is the function of the Deed of Trust. The Lundells opine that a Deed of Trust is ineffective without an underlying obligation to secure, but this argument again ignores the separate and specific legal functions of the two documents, and the resulting different requirements for their execution.
 
 
 13
 Even assuming arguendo that the "transaction" includes both documents, we conclude (as did the district court) that the joinder element is satisfied by both signatures on the Deed of Trust. See In re Janis, 151 B.R. 936 (D.Ariz.1992). This conclusion is supported by the fact that the Deed of Trust Mrs. Lundell signed contained an independent promise to repay the indebtedness the Note represented. Furthermore, we note that the function of the "joinder" requirement is to ensure that both spouses have consented to the kinds of transactions specified in the statute. See All-Way Leasing, Inc. v. Kelly, 895 P.2d 125, 128 (Ariz.App.1994). The signatures of both Dr. and Mrs. Lundell on the Deed of Trust, with its independent promise linking it to the obligations of the Note, together with the use of the proceeds of the Note to benefit community property indicate that the policy concern regarding consent is satisfied.
 
 
 14
 Arizona law provides that if a debt or contractual obligation is incurred during marriage, it is presumed to be a community debt. Donoto v. Fishburn, 367 P.2d 245, 246 (Ariz.1962). Clear and convincing evidence is required to overcome this presumption. Hofmann v. Meisner, 497 P.2d 83, 87 (Ariz.App.1972). Moreover, in cases dealing specifically with debts represented by notes of guarantee, Arizona courts have held that if one spouse executes a note with the object of benefiting the community, that note is binding on the community even without the signature or even approval of the other spouse. Id.; Ellsworth v. Ellsworth, 423 P.2d 364 (Ariz.App.1967). It is uncontroverted here that the proceeds of the loan were used to improve property in which the marital community held an interest. We therefore conclude that the Note is binding on that community.
 
 
 15
 We have considered the other arguments of the appellants and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court. Citibank's request for attorneys fees on this appeal is granted pursuant to the provisions of the Note and Deed of Trust and Ariz.Rev.Stat. § 12-341.01.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3